# UNITED STATES DISTRICT COURT
for the
District of Oregon
Portland Division

FILED14 MAR '19 8:30USDC-ORP

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. '19-MC-13
The property located at 11412 SE Quail Run Drive, )
Happy Valley, Oregon 97086 as described in Attachment )
A )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Oregon _____
*(identify the person or describe the property to be searched and give its location)*:

The property located at 11412 SE Quail Run Drive, Happy Valley, Oregon 97086 as described in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before ~~January 23, 2019~~ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __JOHN V. ACOSTA, U.S. Magistrate Judge, via clerk__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 1-9-19 @ 3:39 p.m.

_____
Judge's signature

City and state: PORTLAND, Oregon    JOHN V. ACOSTA, United States Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.:<br>'19-mc-13 | Date and time warrant executed:<br>7:15 Am on 1/11/2019 | Copy of warrant and inventory left with:<br>N/A at residence  11412 SE Quail Run Drive<br>Happy Valley, OR 97086 |
| Inventory made in the presence of :<br>FBI | | |
| Inventory of the property taken and name of any person(s) seized:<br><br>See attached | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/22/2019

_____
*Executing officer's signature*

Matt Swansinger, Special Agent, FBI
*Printed name and title*

# ATTACHMENT A

## Place to Be Searched

Based on the information contained in this affidavit, I am requesting a warrant to search the following location:

The property located at 11412 SE Quail Run Drive, Happy Valley, Oregon 97086; is described as a two story, brown colored home, with dark colored shingles, and a three car garage. The property faces north. The address numbers "11412" are dark colored numbers embedded on the trim above the two car garage door to the left and near an outside porch light attached to the residence. The home is located on the corner of SE Quail Run Drive and SE Hillside Drive.

## ATTACHMENT B

### Items to Be Seized

The items to be searched for, seized, and examined, are those items on the premises located at 11412 SE Quail Run Drive, Happy Valley, Oregon 97086, referenced in Attachment A, that contain evidence, contraband, fruits, and instrumentalities of violations of United States Code, Section 1349, Conspiracy, and Title 18 United States Code, Section 1343, Wire Fraud. The items to be seized cover the period of September 01, 2016, through the date of the execution of the search warrant.

1. The items referenced above to be searched for, seized, and examined associated with Ronnie Stevens, also known as Tim Ephrem, Tim J. Ephrem, Ron Steves, Ron Stevens, Ron Stephens, and Tina Ephrem, also known as Lisa Peterson are as follows:

    a. Cash, cash in collectible bills in denominations of $20s, $50s, and $100s;

    b. Financial records including bank statements, cancelled checks, deposit records, check stubs, payment ledgers, checkbook registers, deposit slips, loans, documentation of assets and liabilities, general ledgers, general journals, cash, cash receipts, cash disbursement journals, wire transfers, cashier checks, money orders, and records of bills relating to the receipt of currency or other forms of payment;

    c. Records of credit card and automatic teller machine activity, including credit and/or debit cards, pre-paid debit cards, and automatic teller machine records;

    d. Estate and property related documentation regarding the Tammy Ward estate,

Case 3:19-mc-00013   Document 7   Filed 03/14/19   Page 5 of 13

also referred to as the Ward estate;

e. Records, receipts, statements, and/or transaction history for casino related entities, gambling winnings, players' cards/accounts, and/or correspondence;

f. Records, information or documents that reflect the use of mailing addresses such as Post Office Boxes;

g. Photos, passports, photo identification and other identification for aliases or nominees use by Ronnie Stevens, also known as Tim Ephrem, Tim J. Ephrem, Ron Steves, Ron Stevens, Ron Stephens, and Tina Ephrem, also known as Lisa Peterson;

h. Correspondence to and from Ronnie Stevens, also known as Tim Ephrem, Tim J. Ephrem, Ron Steves, Ron Stevens, Ron Stephens, and Tina Ephrem, also known as Lisa Peterson, including letters, cards, other written correspondence, facsimiles, e-mails, printed e-mails, taped messages such as answering machine messages, and videos that are related to Tammy Ward, V1/A.F. and V2/S.F. (The names of the initials are known to the government);

i. Payroll and payroll tax records including timecards, timesheets, handwritten hour summaries, payroll sheets/journals, payroll check registers, canceled payroll checks, paycheck stubs, Forms W-2, Forms W-4, Forms 941, Forms 940, and Forms 1099;

j. Business licenses, stock certificates, logs of stock purchases and redemptions, joint venture agreements, teaming agreements, subcontract agreements, lease agreements, employee sharing agreements;

k.  Calendar books, log books, appointment books, and telephone number listings;

l.  Documents reflecting travel expenditures to include copies of travel tickets, hotel bills, gas receipts, and copies of payment items comprising evidence of expenditures and liabilities;

m.  Notes payable and receivable, IOUs, and other recordation of debts comprising evidence of loans and expenses;

n.  Papers, records, documents, files, notes, memos, mail, or other materials representing residency, ownership, occupancy, dominion, or control of the premises referenced above and described in Attachment A;

o.  Records and/or keys showing actual or constructive possession of safe deposit boxes, safes, storage units, and any other type of storage areas, including passwords and/or access codes for access during the searches;

p.  Evidence of ownership or control of assets purchased since September of 2016.

2. As used in this attachment, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term

"storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

    3.    For any computer or storage medium whose seizure is otherwise authorized by this warrant and any computer, storage medium, or digital device that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter "Computer"):

    a.    Evidence of software that would allow others to control the Computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    b.    Evidence indicating how and when the Computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime under investigation and to the Computer user;

    c.    Evidence indicating the Computer user's state of mind as it relates to the crime under investigation;

    d.    Evidence of the attachment to the Computer of other storage devices or similar containers for electronic evidence;

    e.    Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Computer;

    f.    Evidence of the times the Computer was used;

    i.    Passwords, encryption keys, and other access devices that may be

necessary to access the Computer;

j. Documentation and manuals that may be necessary to access the Computer or to conduct a forensic examination of the Computer;

k. Records of or information about Internet Protocol addresses used by the Computer;

l. Records of or information about the Computer's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. Contextual information necessary to understand the evidence described in this attachment;

n. Routers, modems, and network equipment used to connect computers to the Internet.

4. During the execution of the search of the Premises described in Attachment A, law enforcement personnel are authorized to press the fingers, including thumbs, of (name the individuals) found at the Premises to the Touch ID sensor of the Apple brand device(s), such as an iPhone or iPad, found at the Premises for the purpose of attempting to unlock the device via Touch ID in order to search the contents as authorized by this warrant.

**Search Procedure**

5. The search for data capable of being read, stored, or interpreted by a computer or storage device, may require authorities to employ techniques, including imaging any

computer or storage media and computer-assisted scans and searches of the computers and storage media, that might expose many parts of the computer to human inspection in order to determine whether it constitutes evidence as described by the warrant.

6. The initial examination of the computer and storage media will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

7. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the computer and storage media do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

8. If an examination is conducted, and the computer and storage media do not contain any data falling within the ambit of the warrant, the government will return the

computer and storage media to its owner within a reasonable period of time following the search and will seal any image of the computer and storage media, absent further authorization from the Court.

9. The government may retain the computer and storage media as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the computer and storage media and/or the data contained therein.

10. The government will retain a forensic image of the computer and storage media for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.

FD-597 (Rev. 4-13-2015) Page 1 of 3

# UNITED STATE DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION

# RECEIPT FOR PROPERTY

Case ID: 318E-PD-2922009

On (date) 1/10/2019    1/11/2019 MS

item(s) listed below were:
- ☒ Collected/Seized
- ☐ Received From
- ☐ Returned To
- ☐ Released To

(Name) Ronnie Stevens and Tina Ephrem

(Street Address) 11412 SE Quail Run Drive Happy Valley, Oregon 97086

(City) HAPPY VALLEY, OR 97086

**Description of Item(s):**

Bank receipts

Casino player cards in the name of Ronnie Stevens. Last Frontier Casino; Wynn, M Life, Commerce Hotel and Casino, Commerce Hotel and Casino Club player, Spirit Mountain Coyote Club, Muckle Shoot Casino cards #5688 and 929813, Disabled American Vet Bingo.

Receipt for St. John K68B020-BAS 16, size 16 jacket; Nouvea Boule

Retail purchase receipts, bank receipts

Gambling ticket, B of A deposit slips, Western Union receipt, Bellagio advance deposit, Lisa Ann Peterson OR ID cared, ex 7/21/14; NJ Birth Certificate of Lisa Ann Peterson

Black iPhone with Otterbox case

Vehicle bills of sale, Chase Bank ATM card documents, Bank of America deposit slips

Bills of Sale for multiple vehicles

Document - electric bill

Retail receipts from Macy's, Nordstrom, Ben Bridge jewelers, Louis Vuitton, Bellagio Las Vegas.

W2's, W2-G's, gambling receipts, cashout vouchers

Cash, $700

netSpend Mastercard under Ronnie Stevens

Cell phone, black LG serial #S/WN5SUPSO with SIM card NC128TRIPLESIM.

Black LG cellphone, flip phone

Men's wristwatch, brand name Breitling 1884 for Bentley Motors

Casino receipts and retail receipts

Verizon Phone - Pantech; black

FD-597 (Rev. 4-13-2015)                                                                                                    Page 2 of 3

# UNITED STATE DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION

# RECEIPT FOR PROPERTY

| |
|---|
| B of A statement & receipts, rental receipt paid by Blake R; 2018 W-2G for Ronnie Stevens/casino; Tina Ephram Ilani player card; Lucero rental receipt |
| Wells Fargo Visa/for Tina expired 02/18; Chase bank statement |
| Louis Vuitton purse |
| B of A receipts; cashier check; list of purchases |
| Western Union netSpend Mastercard with the name Tina Ephrem |
| Versace sunglasses |
| Christian Louis Vuittion purse and shoes |
| Receipts for luxury purchases; baggage tags; Bellagio hotel keys |
| Gucci handbag |
| Samsung flip phone |
| Nordstrom receipt, cash tendered $900 for 100mm Jadior slingback |
| One receipt Wynn collection, 7 US Bank envelopes with numbers written on them |
| Louis Roederer champaign 2x |
| Dom Perrignon champaign 3x |
| iPhone/photo of Ronnie & Tina in a beige leather wallet case; Model A1661; FCCID:BCG-E3087A |
| Lighters 2x |
| Cash found in cash pouch |
| W2G's; B of A deposit slips; Gucci receipt; airline tickets; vehicle bill of sale; cashier's check copy. |
| 7 pairs of shoes; Prada black mens; Chanel black/black white |
| 4 handbags; 2 Chanel one red and one beige; 1 Louis Vuitton cream color and 1 Dolce Gabana. |
| Cash binders; Columbia Bank pouch; Bills of Sale; receipts |
| Gold Rolex with shiny stones |
| Retail purchase and bank receipts |
| Rolex Oyster Perpetual watch; blue bezel, black face |
| Nordstrom prepaid card |
| One US Bank envelope with one $100 dollar bill |
| 64 gigabite thumbdrive containing images of cell phones from room O and room I |
| Rolex watch, small, gold face Nieman Marcus Box |
| Insignia 43" LED TV |

# UNITED STATE DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
# RECEIPT FOR PROPERTY

| |
|---|
| Samsung Tablet 16G |
| Airline receipts; Nordstrom & Best Buy receipts |
| Rolex band, gold w/shiny rocks |
| 11 pairs of shoes & 1 boot; 4 Chanel; 1 Manolo Blahnik; 1 Jimmy Choo; 1 Versace; 2 Gucci; 3 Louboutin 1 boot and 2 shoes. |
| Jewelry, pearl like necklaces; safe deposit box keys, watch |
| Ring; gold with shiny rocks |
| $1 Bellagio casino chip |
| Hotel receipts and casino receipts |
| Hat, black and white with pearl like pin and bow. |
| Prepaid bank cards |
| Casino vouchers and Home Depot receipts; Louis Vuitton receipt; Allstate Insurance premium |
| WA Driver's license - Ronnie Stevens |
| SSN Care - Ronnie Stevens |
| Harris Thermal Transfer Prod. Business card - Arnie Fuchs |
| Document with phone numbers |
| Tina Ephrem ORDL; picture with lable B |
| Tie in box labeled with Louis Vuitton, black w/white stripes |
| Versace shoes, high heels, multicolor Rosso Oro |
| Dior shoes, high heels, J'Adier |
| Gucci shoes, high heels; kid scamoscato |
| Key ring w/ 5 keys |
| Currency pouches, business card w/ routing number; phone numbers for Randy and Tami; rent receipt; bank documents. |

**Received By:** _[signature]_
(signature)

**Printed Name/Title:** Jared Rollins, Agent

**Received From:** NOT PRESENT   1-11-19
(signature)

**Printed Name/Title:**